# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr50-01

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GREGORY STEVEN MULL, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on August 16, 2007 (#18) and an Addendum filed on November 7, 2007(#25) by the United States Probation Office. In the violation reports, the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, Anthony G. Scheer and that the Government was present through Assistant United States Attorney, Corey Ellis and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation reports filed on August 16, 2007 and November 7, 2007. The Government introduced, without objection, the two violation reports into evidence.

The defendant was charged, in a bill of indictment filed on May 23, 2007 with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (b) (2). A hearing was held in regard to the detention of the defendant on June 18, 2007. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On August 11, 2007 the defendant signed a voluntary admission statement admitting he had used marijuana and cocaine on or about August 10, 2007. The probation office recommended that the defendant remain on bond to remain on inpatient treatment and upon completion of treatment that the defendant appear before the court to determine if he should remain on bond. On October 15, 2007 the defendant admitted to smoking marijuana. The defendant has completed drug treatment at the Wilmington Treatment Center and is scheduled to complete his after-care treatment within the next several days. The defendant has been participating

actively in his after-care treatment, even attending group treatment sessions in Wilmington on a regular basis.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>    (1)    finds that there is----
>        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>        (B) clear and convincing evidence that the person has violated any other condition of release; and
>    (2)    finds that ---
>        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>        (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed marijuana both on August 10, 2007 and October 15, 2007 so that he could consume that substance. That possession violated state law. It is a crime under state law to possess marijuana. N.C.G.S. § 90-95. There is also probable cause

to believe that the defendant committed a state felony when he possessed cocaine on August 10, 2007 so that he could use that substance. The possession of cocaine is a felony under state law N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated another condition of release in that it has been shown that the defendant violated the terms and conditions of his pretrial release which ordered him to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has violated this condition by possessing marijuana and cocaine which are not drugs which are prescribed by licensed medical practitioners.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the

4

defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: November 29, 2007

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge